UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ARTURO ALEXIS ORDONEZ-FLORES,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-mj-11448-WQH<br><br>**ORDER** |

HAYES Judge:

The matter before the Court is the Notice of Appeal to District Court filed by Defendant Arturo Alexis Ordonez-Flores. (ECF No. 8.)

## BACKGROUND

On November 18, 2019, the Government filed a Complaint charging Ordonez-Flores with misdemeanor attempted illegal entry in violation of 8 U.S.C. §1325(a)(1). (ECF No. 1.) The Complaint alleged that, on November 17, 2019, Border Patrol Agent D. Gibson was patrolling a mountainous, rugged area approximately 22 miles west of the Calexico, California, Port of Entry, which was an area "commonly used by illegal aliens that are attempting to continue their illegal journey into the United States once having made their illegal entry." *Id*. at 3. The Complaint alleged that Agent Gibson found shoe prints traveling northbound from the United States/Mexico border, followed the shoeprints, and encountered Ordonez-Flores approximately five miles north of the border. According to the Complaint, Agent Gibson questioned Ordonez-Flores about his immigration status, and "determined that Ordonez-Flores entered the United States illegally and … did not possess

any immigration documents that would allow him to enter, work, or reside in the United States legally." *Id*. Ordonez-Flores was arrested. The Complaint alleged that, after being read his *Miranda* rights at the Border Patrol station, Ordonez-Flores stated that he was a citizen and national of Mexico, had entered the United States illegally, and did not possess documents that would allow him to be in the United States legally.

On November 25, 2019, Ordonez-Flores appeared before then-Magistrate Judge Ruth Bermudez Montenegro for a change-of-plea hearing. Ordonez-Flores pleaded guilty via an "open plea," which preserved his right to appeal. (Tr. at 10, ECF No. 22.) During this hearing, Judge Montenegro read Ordonez-Flores the elements of the offense:

> [O]ne, you were not a United States citizen at the time of the offense; two, you intended to enter the United States at a time and place other than those designated by immigration officers; three, you had the specific intent to enter the United States free from official restraint; and, four, you did something that was a substantial step toward committing the crime and that strongly corroborated your intent to commit the crime.

*Id*. at 6-7. After finding that Ordonez-Flores knowingly and voluntarily pleaded guilty, Judge Montenegro imposed a time-served sentence. *Id*. at 9-10.

On December 2, 2019, Ordonez-Flores filed a Notice of Appeal to the District Court. (ECF No. 8.) After an extended stay of the case (*see* ECF Nos. 14, 16, 20), the parties filed their respective appeal briefs (*see* ECF Nos. 24, 25, 26).

## ANALYSIS

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Rule 58(g)(2)(B) of the Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). Ordonez-Flores's Notice of Appeal was timely filed.

"The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). In reviewing the

conviction, the district court must "ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Corona-Garcia*, 210 F.3d 973, 978 (9th Cir. 2000) (quotation omitted). The magistrate judge's findings of fact are reviewed for clear error, *see, e.g.*, *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th Cir. 2002), while the magistrate judge's legal conclusions, including challenges to the sufficiency of evidence and questions of statutory interpretation, are reviewed de novo. *See, e.g.*, *United States v. Roach*, 792 F.3d 1142, 1144 (9th Cir. 2015).

## I. Contentions of the Parties

Ordonez-Flores contends that the Court should vacate his conviction for two reasons. First, Ordonez-Flores contends that his "prosecution for illegal entry violates equal protection under *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)." (Appellant Opening Br. at 1, ECF No. 24.) Second, Ordonez-Flores "raises, in order to preserve for further review, a challenge to the adequacy of his guilty plea on the basis that the magistrate judge improperly advised him as to the elements of the charged offense. Specifically, the magistrate judge omitted the requirement that Mr. Ordonez-Flores knew that he was not a United States citizen." *Id*.

The Government contends that "Section 1325(a)(1) is Constitutional" and "the Magistrate Court properly informed Ordonez-Flores of the elements of 8 U.S.C. § 1325(a)(1)." (Appellee Br. at 1, 2, ECF No. 25.)

## II. Equal Protection

Ordonez-Flores contends that illegal entry under § 1325 violates the Equal Protection Clause based upon the "historical background" of the law. (Appellant Opening Br. at 2, ECF No. 24.) The Ninth Circuit rejected a similar challenge to an analogous immigration law in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), wherein the Ninth Circuit addressed whether 8 U.S.C. § 1326, which criminalizes illegal reentry into the United States by aliens, violates the Equal Protection Clause of the Fifth Amendment. The Ninth Circuit stated: "We conclude that Carrillo-Lopez did not meet his

burden to prove that Congress enacted § 1326 because of discriminatory animus against Mexicans or other Central and South Americans. 'This conclusion ends the constitutional inquiry,' and we reject Carrillo-Lopez's equal protection claim." *Id*. at 1154 (quoting *Arlington Heights*, 429 U.S. at 267). The court stated that "[t]he strong 'presumption of good faith' on the part of the 1952 Congress is central to our analysis." *Id*. (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). Section 1325, like § 1326, originated in 1952 with the passage of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*. *See Carrillo-Lopez*, 68 F.4th at 1146; *see also* Pub L. No. 82-414, §§ 275-76, 66 Stat. 163, 229 (1952). Here Ordonez-Flores was convicted of attempted entry under § 1325(a)(1), which was added to the list of prohibitions contained in § 1325 in 1990. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (1990). The party challenging a statute bears the "'burden to overcome the presumption of legislative good faith and show that' the legislative body 'acted with invidious intent.'" *Carrillo-Lopez*, 68 F.4th at 1141 (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2325 (2018)). The Court finds that, as in *Carrillo-Lopez*, Ordonez-Flores has failed to rebut "[t]he strong 'presumption of good faith' on the part of the 1952 Congress" and the 1990 Congress. *Carrillo-Lopez*, 68 F.4th at 1154 (quotation omitted). Accordingly, the Court finds Ordonez-Flores has failed to show that 8 U.S.C. § 1325 is unconstitutional.

### III.   Elements of Section 1325

Ordonez-Flores contends that "[t]o convict a defendant of violating the attempt portion of § 1325(a)(1), the government must prove that the defendant knew they were a noncitizen." (Appellant Opening Br. at 3-4, ECF No. 24 (citing *Rehaif v. United States*, 588 U.S. 225 (2019).)

Before accepting a guilty plea, Rule 11 requires a court to engage in a colloquy with the defendant to confirm that the defendant understands, among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). To comply with this requirement, the court "must advise the defendant of the elements of the crime and ensure that the defendant understands them." *United States v. Minore*, 292 F.3d

1109, 1115 (9th Cir. 2002). This Court reviews de novo the adequacy of a Rule 11 plea colloquy. *See United States v. Rizo-Rizo*, 16 F.4th 1292, 1294 (9th Cir. 2021).

In *Rizo-Rizo*, the Court of Appeals for the Ninth Circuit rejected the same argument raised by Ordonez-Flores and held "that knowledge of alienage is not an element of § 1325(a)." *Id*. at 1299. The Court finds that Judge Montenegro accurately and adequately advised Ordonez-Flores of the elements of the charged crime, *cf. United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th Cir. 2002), and ensured that Ordonez-Flores understood them.

## CONCLUSION

IT IS HEREBY ORDERED that the Notice of Appeal to District Court (ECF No. 8) filed by Defendant Arturo Alexis Ordonez-Flores is denied. The Judgment (ECF No. 11) is affirmed. The Clerk of the Court shall close this case.

Dated: October 11, 2024

Hon. William Q. Hayes
United States District Court